UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIAHANN POZOS-MALETTA,<br><br>Plaintiff(s),<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>Defendant(s). | Case No.: 2:20-cv-00242-JCM-NJK<br><br>**ORDER**<br><br>(Docket No. 28) |

Pending before the Court is the parties' proposed discovery plan. Docket No. 28. The presumptively reasonable discovery period is 180 days. Local Rule 26-1(b)(1). The parties seek a discovery period of 252 days. Docket No. 28 at 2.[1]

The Court is sympathetic to the challenges of practicing law in the current environment. When a <u>specific</u> showing has been made that established deadlines cannot be met in a particular case (e.g., because out-of-state depositions cannot move forward with travel or other restrictions), the Court has found good cause for extension. The instant request, however, merely states that, due to the pandemic, discovery is "highly likely [to be] slower and more complicated[.]" *Id*. Granting the instant request would be tantamount to a blanket policy that the Local Rules do not apply right now in any civil case, a policy that the Court will not endorse.

Accordingly, the proposed discovery plan is **DENIED** without prejudice. An amended discovery plan must be filed by April 23, 2020. To the extent special scheduling review is sought

---

[1] The discovery period is measured from the date of the first answer or other appearance by a defendant. Local Rule 26-1(b)(1).

therein, a specific showing must be made as to why the presumptively reasonable deadlines should not apply based on the particular circumstances of this case. Otherwise, the parties must include the default deadlines, properly calculated from the date of the first answer or appearance by a defendant.

IT IS SO ORDERED.

Dated: April 17, 2020

_____
Nancy J. Koppe
United States Magistrate Judge